ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 3 1 2006
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARZIE WAYNE DUNCAN, #568368, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-0838-K |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Ellis Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to the offense of burglary of a building in the 291st Judicial District Court of Dallas County, Texas, in Cause No. F90-5152-MU. (Petition (Pet.) at 2). On October 19, 1990, he was sentenced to twenty-five years imprisonment. (*Id.*).

On April 10, 2000, the Pardons and Paroles Division of TDCJ released Petitioner on parole. (*See* Certificate of Parole, attached as Exh. A1 to Pet.). Petitioner remained on parole until his arrest on June 28, 2002, on the basis of a parole revocation warrant issued on the same day. (*See* Revocation Hearing Report, Exh. A to art. 11.07 application, which is attached to Pet.). The Board of Pardons and Paroles (Board) revoked his parole on September 10, 2002. (*Id.*). Thereafter, TDCJ refused to give Petitioner street-time credits for the time he served on parole.[1]

In the present federal petition, filed on May 9, 2006, Petitioner challenges TDCJ's refusal to give him street-time credits for the time he served on parole, and argues that such a refusal has "illegally <u>extended</u>" the "maximum expiration" of his sentence from September 1, 2015, to March 9, 2018.[2]

Prior to filing this action, Petitioner exhausted his administrative and state court remedies. On July 19, 2005, he filed a "time credit dispute resolution form" with TDCJ, raising the claims at issue in this case. (<u>See</u> TDCJ Time Credit Dispute Resolution Final Certification Decision, last attachment to Fed. Pet. immediately preceding p. 9 of the habeas form; *see also* copy of Time Credit Decision attached to Petitioner's Response to Show Cause Order). Having received no response from TDCJ within the requisite 180-day time period, Petitioner

---

[1] "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann,* 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004).

[2] For purposes of this recommendation, the petition is deemed filed on May 4, 2006, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

filed on January 24, 2006, a state application for habeas corpus relief pursuant to art. 11.07 of the Texas Code of Criminal Procedure. *See* Attachment I. In its March 9, 2006 response to the time-credit resolution form, TDCJ found no error in Petitioner's time credit calculation. The Texas Court of Criminal Appeals, thereafter, denied the state writ on March 29, 2006. *In re Duncan*, WR-20,444-03, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=241632 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals on June 7, 2006).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. See *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

---

[3] On June 12, 2006 the Court informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why the petition should not be dismissed as barred by the limitation period. Petitioner filed his response to the show cause order on June 29, 2006.

3

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. Therefore, the Court will calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In the context of parole-revocation proceedings and the resultant loss or denial of time credits, courts have determined that the very latest date, on which a petitioner could or should have been aware of the loss of time credits under subsection (D), was when the Board revoked his parole and recommitted him to TDCJ-CID. *See Heiser v. Johnson,* 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008) (unpublished); *Biggins v. Dretke,* No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug.24, 2004) (unpublished); *Tweedy v. Dretke,* No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D.Tex. Sept.15, 2003) (unpublished).

In this case, Petitioner's parole was revoked on September 10, 2002, and he was recommitted to TDCJ-CID shortly thereafter. Presumably, Petitioner knew, or could have discovered through due diligence, on the date of his parole revocation that he would not be credited for time spent on parole. Thus, the federal statute of limitations began on Petitioner's claims on September 10, 2002, the date his parole was revoked, and closed one year later on September 10, 2003.

Petitioner did not file this federal habeas petition until May 4, 2006, more than two and one-half years after the running of the one-year limitation period. Although 28 U.S.C. §

4

2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year limitation period. *Flanagan*, 154 F.3d at 202. As noted above, Petitioner did not file his Time Credit Dispute Resolution until July 19, 2005, and his state application until January 24, 2006, long after after the expiration of the one-year period. *See Scott*, 227 F.3d at 263 (state habeas application did not toll limitation period for filing federal habeas petition where it was not filed until after federal limitation period had expired). Therefore, the federal petition is clearly untimely absent equitable tolling.

In response to this Court's order to show cause why the petition should not be dismissed as time barred, Petitioner asserts that he could not have learned of the substance of his time-credit claim before May 3, 2005, "[w]hen TDCJ-CID records office provided Petitioner with [a] 'time slip' as dated thereof." (Petitioner's Response at 3-4, and attached time slip). The above contention is self-serving and wholly unsupported. Petitioner has made no showing that TDCJ-CID impeded his ability to obtain a copy of his time slip or unduly delayed in providing him a copy of the same after the revocation of his parole. As a matter of fact, Petitioner's own pleadings in the present action demonstrate that he was aware that he could obtain information concerning the effect which the revocation of his parole had on the computation of the remainder of his previously imposed sentence and his right to contest the re-computation of his sentence. Specifically, less than two months after his parole revocation, Petitioner filed an unspecified time credit dispute resolution with TDCJ requesting correction of time credited toward the completion of his sentence. (See Exh. C attached to Pet.). While it appears this earlier time dispute related

to the forfeiture of work-time credits following parole revocation, his failure to raise an issue with respect to his loss of street-time credits at or about the same time shows a lack of diligence on his part. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights).

Insofar as Petitioner seeks to rely on equitable tolling, his claim should be rejected. Petitioner does not assert a valid justification for his failure to file timely his federal habeas corpus petition, and the record reveals none. This is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, the petition for writ of habeas corpus should be dismissed as barred by the one-year limitation period.

In the alternative, the petition should be denied on the merits. Petitioner contends that he is entitled to street-time credits for the time that he served on parole, and that the refusal of such credits has extended his sentenced without judicial authority. The Texas Court of Criminal Appeals rejected the above claims on the merits.

Section 508.283(c), of the Texas Government Code, was amended effective September 1, 2001, to provide "that certain parole violators will receive street-time credit if the 'remaining portion' of their sentence is less than the amount of time they have spent out on parole." *See Ex parte Spann,* 132 S.W.3d 390, 392 (Tex. Crim. App. 2004).[4]

---

[4] Section 508.283(c) reads as follows:
If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the

6

It is undisputed that the amended version of § 508.283(c) applies to Petitioner, because his parole was revoked in 2002, after the September 1, 2001 effective date, and he was not previously convicted of a crime described in § 508.149(a) of the Texas Government Code, which lists a variety of aggravated offenses, see Tex. Gov't Code § 508.283(b).[5]

It is also undisputed that Petitioner's twenty-five-year sentence began on September 1, 1990. At the time Petitioner was released on parole on April 10, 2000, he had served approximately 9 years, 7 months, and 10 days of his 25 year sentence. As of the issuance of the parole revocation warrant on June 28, 2002, Petitioner had spent approximately 2 years, 2 months, and 18 days on parole, and the remaining portion of his sentence was approximately thirteen years. Since the remaining portion of Petitioner's sentence far exceeded the amount of time spent on parole, Petitioner was not entitled to street-time credits.

In conclusion, Petitioner cannot demonstrate that the Texas Court of Criminal Appeal's decision denying his state habeas application was either contrary to or an unreasonable application of clearly established federal law, or an unreasonable application of the facts in light

---

revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

[5]   Petitioner's conviction for burglary of a building does not fall within § 508.149(a)(13) which bars mandatory supervision for inmates who are serving a sentence for burglary of a habitation and intended to commit or committed or attempted to commit a felony other than felony theft. See Ex Parte Mabry, 137 S.W.3d 58, 59 (Tex. Crim. App. 2004).

of the evidence presented. See 28 U.S.C. § 2254(d).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition for a writ of habeas corpus with prejudice as time barred. Alternatively, the District Court should deny the habeas corpus petition.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 31st day of August, 2006.

*[signature]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**



9

Cause No. W90-51512-V (B)
(The Clerk of the convicting court will fill this line.)

**FILED**
JAN 24 2006
JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

## COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

ARZIE WAYNE DUNCAN                                    10 / 08 / 06
NAME OF APPLICANT (Please print full name)            DATE OF BIRTH

TDCJ - Ellis I Unit                   568368
PLACE OF CONFINEMENT                  TDCJ-ID NUMBER

(1) What court entered the judgment of conviction you want relief from?
    (Give the number and county of the court.)
    291st Judicial District Court, Dallas County
    Dallas, Texas

(2) What was the cause number in the trial court? F90-51512-mu

(3) What was the trial judge's name? Jerri Myers

(4) What was the date of judgment? October 19 / 1990

(5) What was the length of sentence? 25 years

(6) Who assessed punishment? (Check one)    (a) Judge (✓); (b) Jury ( )

(7) What offense or offenses were you were convicted of (all counts)?
    Burglary of A Building --- (1 Count)

Misc. Docket No. 00-100          Page 2 of 10